

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00445-CV

**IN THE INTEREST OF C.M.C., S.S.J., CHILDREN**

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-02143
Honorable Martha Tanner, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: April 6, 2022

AFFIRMED

Mom appeals the trial court's order terminating her parental rights to her children, C.M.C. and S.S.J.[1]  Her court-appointed counsel filed an *Anders* brief.  Mom replied with a short fax stating that no one in her case communicated with her.  Because there are no arguable grounds for review or reversible error, we affirm the trial court's order.

### BACKGROUND

S.S.J. tested positive for methamphetamine when she was born.  But by the time medical personnel were able to address Mom about the drug test, the hospital had already discharged S.S.J. and Mom.  Following Mom's discharge from the hospital, CPS received about five referrals regarding Mom.  In one instance, Mom locked her children and herself in her car at a Whataburger

---

[1] We refer to Appellant and the children using aliases.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

because she believed traffickers "were out to get her." Mom was also reported to be living in her car with her boyfriend and her children and not meeting S.S.J.'s needs. When CPS located Mom, they removed the children due to concerns of ongoing drug use, as well as mental health concerns.

Over the course of Mom's case with CPS, Mom completed a parenting class and a drug evaluation, but she refused drug treatment, was inconsistent with parent-child visits, she failed to complete any counseling, and she failed to show stable housing. She also tested positive for a court-ordered follicle test, and she admitted to using methamphetamine while she was pregnant with a new baby after S.S.J.

At the time of trial, S.S.J. and her older brother, C.M.C., were living with a foster family and doing well. After the trial court heard the evidence in Mom's case, it terminated her parental rights based on her continued drug use. Later, in its written order, the trial court included Mom's failure to complete services as a basis for termination of her parental rights.

### *ANDERS* BRIEF

Mom's court-appointed counsel filed a brief containing a professional evaluation of the record and a motion to withdraw. The brief recites the relevant facts and procedural background, including brief summaries of the hearings, the status reports, and trial court rulings. The brief summarizes witnesses' testimony which includes ample evidence supporting the trial court's findings. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). The record shows counsel provided Mom with a copy of the *Anders* brief, the motion to withdraw, and a form to request a free copy of the appellate record. Counsel advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than December 23, 2021. On December 23, 2021, Mom faxed a short message that stated no one in her case communicated with her, and the judge who decided her case was a substitute. This court received no other brief, motion, or correspondence from Mom.

Having carefully reviewed the record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

## MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel cites the fact that Mom's appeal is frivolous and without merit. However, counsel's duty to Mom is not yet complete. *See* TEX. FAM. CODE ANN. § 107.016(2); TEX. R. CIV. P. 10; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'") (quoting *In re P.M.*, 520 S.W.3d at 27–28). The motion to withdraw is denied.

Patricia O. Alvarez, Justice